# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON REILLY, | : | 1:16-cv-1469 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| LEBANON COUNTY, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **December 21, 2016**

Plaintiff Brandon Reilly brings the above-captioned action pursuant to allegations of a deprivation of Fourteenth Amendment rights by Defendants, Lebanon County and its Sheriff Bruce Klingler. Presently pending before the Court is the Defendants' motion to dismiss (the "Motion") (Doc. 17), seeking to dismiss both counts of Plaintiff's amended complaint. (Doc. 9). The Motion has been fully briefed (Docs. 18, 32, 34) and is therefore ripe for our review. For the reasons that follow, the Motion shall be granted.

## I.   BACKGROUND

In accordance with the standard of review applicable to a motion to dismiss, the following facts are derived from Plaintiff's amended complaint and viewed in the light most favorable to him.

1

On July 3, 2014 around 2:30a.m., Plaintiff Brandon Reilly was sitting outside the Reamstown Athletic Association building in Reamstown, Pennsylvania. (Doc. 9, ¶ 6) (*see also* Doc. 17, att. 1). East Cocalico Township Police Officers arrived at the building after receiving reports of disorderly conduct from within. (Doc. 9, ¶ 7). Plaintiff was not inside the building when the alleged disorderly conduct took place. (*Id.*, at ¶ 8). The officers approached Plaintiff and asked him what he was doing. (*Id.*, at ¶ 9). Plaintiff told the officers that he was waiting for a friend to pick him up. (*Id.*, at ¶ 10). Without conducting any meaningful investigation, the officers demanded Plaintiff to get in the police car and took him to the police station. (*Id.*, at ¶¶ 11-12). There was no investigation conducted at the police station and Plaintiff was picked up by a friend. (*Id.*, at ¶ 12).

About a week later, Plaintiff received a citation for public drunkenness in the mail. (*Id.*, at ¶ 14). He attended a hearing and paid a fine for public drunkenness. (*Id.*, at ¶ 15). During the hearing, a police officer admitted to making false statements in the citation and that his only basis for the citation was that the Plaintiff repeated himself. (*Id.*).

Several months later, around November 2014, Plaintiff was informed by his employer that the Lebanon County[1] Sherriff was revoking his concealed carry license due to the public drunkenness citation. (*Id*., at ¶ 16). Plaintiff called the Sheriff and asked why his permit was being revoked and was told that the East Cocalico Township Police had directed him to do so. (*Id*., at ¶ 17). Plaintiff asked the Sheriff if there was a way to challenge the revocation, and he said no. (*Id*., at ¶ 18). Plaintiff was never contacted in writing that his concealed carry permit was being revoked. (*Id*., at ¶ 20). The Lebanon County Sheriff did not conduct a meaningful background check before revoking the Plaintiff's concealed carry permit. (*Id*.). It was a custom and practice of the Lebanon County Sheriff's office to revoke concealed gun carry permits without conducting meaningful investigation. (*Id*., at ¶ 22). As a result of the revocation, the Plaintiff suffered financial loss, the loss of his permit, and severe emotional distress. (*Id*., at ¶ 21).

Plaintiff filed an amended complaint on June 14, 2016 bringing two counts against the Defendants. (Doc. 9). In Count I, Plaintiff alleges that the Defendants violated his substantive and procedural due process rights under the Fourteenth Amendment.[2] (*Id*., at ¶¶ 23-27). Count II is labeled only as "*Monell*", though the

---

[1] Plaintiff states in his amended complaint that the "Lebanon Valley Sheriff" was revoking his license. (Doc. 9, ¶ 16). We assume that Plaintiff intended to say the Lebanon County Sherriff, as Lebanon Valley Sherriff does not exist.

[2] Count I references both the Fourth and Fourteenth Amendments for the deprivation of his substantive and due process rights. (Doc. 9, ¶ 27). We assume that Plaintiff inadvertently included the Fourth Amendment, as the Fourth Amendment contains no due process protections

Court recognizes this as a reference to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and alleges that it was the custom and policy of the Defendants that deprived the Plaintiff of his rights. (*Id*., at ¶¶ 28-30). While Plaintiff's claim does not delineate his Counts as such, the Court assumes that Count I is against Defendant Bruce Klingler and Count II is against Lebanon County, both for claims of deprivation of procedural and substantive due process. Defendants filed a motion to dismiss on July 22, 2016 (Doc. 17) and a brief in support on August 1, 2016. (Doc. 18). After several extensions, Plaintiff filed a brief in opposition on October 10, 2016. (Doc. 32). Defendants filed a reply on October 14, 2016. (Doc. 34). Plaintiff filed a motion for leave to file a sur-reply on November 1, 2016, but provided the Court with no argument or brief in support of that motion. (Doc. 35). We denied Plaintiff's motion to file a sur-reply by Order dated December 1, 2016. (Doc. 38). For the reasons that follow, we shall grant the Defendants' motion to dismiss.

## II.    STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the

---

and Plaintiff's complaint does not allege any Fourth Amendment violation. To the extent that Plaintiff is asserting a Fourth Amendment claim, that claim is dismissed because there are no allegations in support of it.


complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirement of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level…." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the

plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Next, the district court must identify "the 'nub' of the … complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

**III.   DISCUSSION**

Defendants argue that both counts of Plaintiff's amended complaint should be dismissed. Because Count I seems to encompass both a procedural and a substantive due process claim, Defendants offer arguments in support of dismissal of Count I for both. We will follow suit and consider Plaintiff's procedural due process claim, substantive due process claim, and *Monell* claim in turn.

**a.   Procedural Due Process**

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006). Plaintiff does not allege a deprivation of life or a liberty interest; rather, he argues that the revocation of his concealed carry permit without probable cause constitutes a deprivation of procedural due process, invoking a property interest. (Doc. 9, ¶ 24). Defendants argue that Plaintiff's procedural due process claim must fail because a Pennsylvania concealed carry license does not represent a property interest subject to due process protection. Further, Defendants argue that even if a concealed carry license is a property interest subject to Fourteenth Amendment protection, Plaintiff was not entitled to a pre-deprivation hearing.

To determine whether a Pennsylvania concealed carry license constitutes a property interest subject to protection under the Fourteenth Amendment, we must assess whether Plaintiff can establish a "legitimate claim of entitlement" to it under Pennsylvania law. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). The Supreme Court offered a definition of property interests within the context of procedural due process in *Board of Regents of State Colleges v. Roth*:

> Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits

*Id*. The Court has further stated that "cases recognize that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005).

Defendants point to two cases in support of their argument that Plaintiff's claim does not assert a protected property interest. Both the Eastern District of Pennsylvania in *Potts v. City Of Philadelphia*, 224 F. Supp. 2d 919, 941 (E.D. Pa. 2002) and Judge Kane of our own district in *Hain v. DeLeo*, 2010 WL 4514315 (M.D. Pa. Nov. 2, 2010) held that a Pennsylvania concealed carry license was not a protected property interest because of the broad discretion afforded to the City in granting or denying them.

Both courts began by looking at the plain language of the Pennsylvania Uniform Firearm Act, codified at 18 Pa.C.S.A § 6109. Before granting a license, the sheriff must: "(1) investigate the applicant's record of criminal conviction; (2) investigate whether or not the applicant is under indictment for or has ever been convicted of a crime punishable by imprisonment exceeding one year; (3) investigate whether the applicant's character and reputation are such that the applicant will not be likely to act in a manner dangerous to public safety; (4) investigate whether the applicant would be precluded from receiving a license under [other subsections of the UFA]; and (5) conduct a criminal background, juvenile delinquency and mental health check...." 18 Pa.C.S.A. § 6109(d). Section e(1)(i) prohibits the issuing of a license to an "individual whose character and reputation is such that the individual would be likely to act in a manner dangerous to public safety." 18 Pa.C.S.A. § 6109(e)(1)(i). The statute further specifies that the "[a] license to carry firearms may be revoked by the issuing authority for good cause" or if any of the reasons stated in e(1) become applicable after issuance. 18 Pa.C.S.A. § 6109(i).

Like our fellow courts did, we recognize that the plain language of the statute "invests the sheriff with significant discretion in granting or revoking a [concealed carry license] based on good cause and character determinations." *Hain*, 2010 WL at \*6. Further, Pennsylvania courts have explicitly stated that the

Pennsylvania UFA grants discretionary authority to sheriffs in the issuance and revocation of licenses:

> "[T]his Court has held that the legislature intended in Section 6109 of the Act to confer discretion on sheriffs, empowering them to exercise judgment in applying the Act's standards to determine if applicants should be licensed. That principle applies also to the sheriff's determination of "good cause" for revocation."

*Harris v. Sheriff of Delaware County*, 675 A.2d 400, 401 (Pa.Cmwlth.1996).

We agree with the court in *Potts* that "both the plain language of section 6109 of the Uniform Firearms Act and case law interpreting this provision make clear that the licensing body, here the City, enjoys broad discretion in both issuing and revoking firearm licenses." *Potts*, 224 F. Supp. 2d at 941. Such broad discretion precludes a finding of a property interest under the Fourteenth Amendment procedural due process protection. *Town of Castle Rock*, 545 U.S. at 756.

We note that, while Defendants' motion relies heavily on *Hain* and *Potts*, the Plaintiff does not address *Hain* at all and only addresses *Potts* in regards to his substantive due process analysis. (Doc. 32, p. 8). In fact, the only argument that we can find in response to Defendants' contention that a Pennsylvania concealed carry license is not a protected property interest is as follows: "[t]hus, even if the permit itself is not a protected property right (denied). . ." (*Id.*). Plaintiff also alludes to *Heller* saying "especially since Heller has even moreso raised the fundamental

interests related to personal firearm carry, which, uniquely in Pennsylvania cannot be afforded without an LTCF (so to transport), and as Plaintiff's conduct at issue was unrelated to the LTCF." (*Id.*).

Plaintiff's entire procedural due process argument, which only contains sixteen sentences, focuses on the need for a pre-deprivation hearing. (*Id.*, at pp. 7-9). However, because we find that the property interest at stake is not encompassed within the protection of the Fourteenth Amendment's procedural due process protections, we need not consider whether "the procedures available to him did not provide 'due process of law.'" *Hill*, 455 F.3d 225 at 34. Accordingly, we will dismiss Count I to the extent that it asserts a procedural due process violation.

### b. Substantive Due Process

Plaintiff's substantive due process claim is premised on the revocation of his concealed carry license "without probable cause nor any cause." (Doc. 9, ¶ 24). The Third Circuit has stated that "a substantive due process claim grounded in an arbitrary exercise of governmental authority may be maintained only where the plaintiff has been deprived of a 'particular quality of property interest.'" *Indep. Enterprises Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1179 (3d Cir. 1997) (quoting *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 600 (3d Cir.1995)). Only "*fundamental* property interests are worthy of substantive due process protection." *Id.*, (emphasis in original).

Plaintiff's six sentence argument regarding his substantive due process claim contains only two sentences addressing whether his concealed carry permit represents a fundamental property interest subject to substantive due process protection: first, a conclusory statement that "[a] concealed carry permit constitutes a substantive due process right," and second, a citation to the proposition that ownership of property is considered to be a protected property interest. (Doc. 32, p. 9).

Both the *Hain* and *Potts* courts found that a Pennsylvania concealed carry license did not constitute a fundamental property interest worthy of substantive due process protection. *Hain*, 2010 WL at *10; *Potts*, 224 F. Supp. 2d, at 944. Plaintiff addresses the *Potts* decision only to point out that it relied on overruled case law when discussing that non-legislative state action violates substantive due process if it is arbitrary, irrational, or done so out of improper motive. (Doc. 32, p. 9). He does not address either courts' finding that a concealed carry license does not implicate substantive due process at all.

Plaintiff is in an identical situation as the plaintiff was in *Hain*. The *Hain* plaintiff also relied only on the conclusory allegation that ownership of property is a protected interest. *Hain*, 2010 WL at *10. The court quickly pointed out "the Third Circuit's longstanding limitation of qualifying property interests 'to cases involving real property ownership,' and its reluctance to expand this category." *Id*.

(quoting *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 141 (3d Cir. 2000)). The court went on to cite to multiple cases where the Third Circuit has declined to extend fundamental property interests to include interests beyond real property. *Id.* (citing cases rejecting fundamental property interests in veterans' employment preference, public contract interests, interest in water and sewer services, receipt of professional services, interest in lost profits, loss of a bid, breach of a lease, breach of business relationships, or obtaining maximum return on investment). Indeed, the Supreme Court has cautioned to use the "utmost care" in expanding the concept of substantive due process. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992). Just as the plaintiff in *Hain* "failed to offer any basis or authority to suggest a different result under substantive due process analysis," the Plaintiff here has offered the Court no argument in support of inclusion of the license as a substantive due process property interest. *Hain*, 2010 WL at *10.

We agree with the courts in *Potts* and *Hain* that a Pennsylvania concealed carry license does not constitute a fundamental property interest subject to substantive due process protection and, accordingly, shall dismiss Count I insofar as it asserts a substantive due process claim.

### c. *Monell* Claim

Plaintiff concedes in his brief in opposition that, "if this Honorable Court finds no constitutional violation then Plaintiff's *Monell* cause should likewise fail."

Because we find that Plaintiff has not stated a procedural or substantive due process violation, there is no basis for which to hold Lebanon County liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Accordingly, Count II shall be dismissed.

### d. Leave to Amend

While Plaintiff does not specifically ask the Court for leave to amend his complaint, he devotes a section in his brief in opposition to case law encouraging courts to grant leave to amend when justice requires and it appears deficiencies can be corrected. (Doc. 32, pp. 5-6). However, Plaintiff's claims fail not because of a deficient complaint, but because his rights asserted are not encompassed within the Fourteenth Amendment. An amended complaint would therefore be futile. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

### IV. CONCLUSION

For the foregoing reasons, we shall grant Defendants' motion to dismiss. A separate order shall issue in accordance with this ruling.